**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| DOROTA HATZIDAKIS<br>GEORGE HATZIDAKIS | : | CASE NO. 14- |
| DEBTORS | : | MAY 16, 2014 |

## CHAPTER 13 PLAN

1. The debtor submits all or such portion of her future income to the control of the Trustee as is necessary for the execution of the plan. **The debtor(s) or debtor's employer shall pay to the Trustee the sum of $883.00 each month for (60) sixty months.**

However, if applicable, prior to confirmation, pursuant to Section 1326(a) (1) (B) and (C), and paragraph 1 (a) below, the Debtor shall pay Adequate Protection Payments as set forth in said paragraph, by deducting same from the Plan payment, with the balance of the plan payment being paid to the Trustee in the amount of **$_____** until the confirmation of this Plan. Thereafter, the Plan payment shall be in the amount of **$_____** per month unless thereafter amended or modified.

   a. Adequate Protection Payments: The Debtor shall pay the following amount as Adequate Protection Payments:

   NONE.

   2. From the payments so received, the Trustee shall make disbursements as follows:

a. PRIORITY CLAIMS:  All claims entitled to priority under 11 U.S.C. §507 as well as 11 U.S.C. 1305 shall be paid as required by 11 U.S.C. §1322(a)(2) and (a)(4).

**Attorney Fees of $500.00 due to Susan M. Williams + 0% interest.**

 SECURED CLAIMS: Subsequent to the above priority payments, secured creditors whose claims are duly proved and allowed, together with interest per annum as hereinafter set forth:

**Mortgage arrearage of <u>$47,671.60</u> due to Carrington Mortgage Services + <u> 0 </u>% .**

By making said payments to the Trustee, the Debtors shall cure the default, decelerate the mortgage debt, and reinstate the mortgage loan on the original terms of the mortgage note in accordance with 11 USC 1322b(5)

**NOTICE**

For purposes of this plan provision and the provisions of 524(i) the debtor hereby directs that Carrington Mortgage Services shall credit all monies paid by the Trustee, on behalf of the debtors, on the allowed claim for pre-petition arrearages to be credited solely to the arrearage claim for the duration of the plan term, as confirmed. Further, the debtor hereby directs that each current monthly mortgage payment due post-petition, made by the debtor for the purpose of maintaining current only payments, commencing with the month of June 2014, pursuant to Section 1322(b)(5), shall be credited solely to the designated post-petition monthly loan payments, as calculated on the amortization schedule as if the loan was not in default. This provision shall become effective upon consummation of the plan.

The debtor will continue remit current post petition monthly mortgage payments to Carrington Mortgage Services.

The following secured claim will be deemed unsecured pursuant to 11 U.S.C. §506(a) after motion, notice, hearing, and further order of the court as follows:

NONE

c. <u>GENERAL UNSECURED CLAIMS</u>: Pro rata with payments to secured creditors, dividends to general unsecured creditors whose claims are duly proved and allowed as follows:

General unsecured claims, (including the foregoing secured claims which are being treated as unsecured claims by virtue of 11 U.S.C. §506(a) or §522(f)**), shall be paid not less than 0%** plus interest per annum at the federal judgment rate existing on the date this plan is confirmed and general unsecured claims which are tax claims, shall be paid 0% plus interest at the rate said claim would receive pursuant to applicable non-bankruptcy law. The total of all general unsecured claims is **$41,607.96.**

3. The following executory contracts of the debtor(s) are rejected:  None.

4. Other terms of the plan:

**NONE**

5. In no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor had an enforceable lien, plus the amount, if any, that would be paid such claim if the estate of the debtor were to be liquidated under Chapter 7 of Title 11 of the United States Code.

6. With respect to each allowed secured claim:

 a. The holder of such claim retain the lien securing such claim until the earlier of: (1) the payment of the underlying debt determined under non-bankruptcy law; or (2) discharge under Section 1328; and

b. If the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law; and

c. The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim and in no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor has an enforceable lien.

7. Payments to the Trustee shall be made in installments conforming to the debtor's payment periods over a period of **sixty (60) months** in such amounts as may be required to provide for the payment of all costs of administration, the payment in full of all claims entitled to priority as defined in 11 U.S.C. 507, the present value of all allowed secured claims, and payments to unsecured creditors as hereinbefore provided. The debtor's total plan payments to the Trustee shall be not less than **$52,980.00.**

8. Title to the debtor's property shall re-vest in the debtor(s) after the dismissal of the case or the closing of the case upon the approval by the Court of the Trustee's final report and account. However no property received by the Trustee for the purpose of distribution under the plan shall re-vest in the debtor except to the extent that such property is in excess of the amount needed to pay all allowed claims as provided in the plan.

9. The balance of the debtor's attorney's fees in the amount of **$500.00** shall be paid inside of the plan.

10. Questions regarding this plan should be directed to the attorney for the debtor(s).

*/s/Dorota Hatzidakis*
Dorota Hatzidakis

*/s/ George Hatzidakis*
George Hatzidakis

*/s/ Susan M. Williams*
Susan M. Williams, LLC
Attorney for the Debtor
146 High Street
Enfield, CT 06082
(860) 745-6611
susan@smwilliamslaw.com